### ALVIN KRUEGER v. THE STATE.

#### No. 4618.   Decided December 19, 1917.

1.—Swindling—Statutes Construed.

The Act of 1913, with reference to obtaining by any person of any money or other thing of value with intent to defraud by the giving or drawing of any check, draft or order upon any bank, person, etc., without sufficient funds to pay same in the hands of said bank, etc., as an addition to article 1422, Penal Code, is valid, and not unconstitutional. Following Bradford v. State, 78 Texas Crim. Rep., 285, 180 S. W. Rep., 702, and other cases.

**2.—Same—Evidence—Partnership—Indictment.**

Upon trial for swindling in drawing a check upon the bank without sufficient funds therein, it was not necessary to allege in the indictment that defendant and another were partners, to admit proof that a former deposit was made with the bank to the credit of defendant and another who received a deposit slip of the same, all of which was admissible in evidence; nor was there any presumption that defendant and the other party were a corporation.

**3.—Same—Transfer of Indictment.**

Where the record showed that the order of the transfer of the indictment from the District to the County Court was properly certified, there was no error.

Appeal from the County Court of Nolan. Tried below before the Hon. John H. Cochran.

Appeal from a conviction of swindling; penalty, a fine of thirty dollars and thirty days confinement in the county jail.

The opinion states the case.

*Grisham & Grisham,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant has appealed from a conviction for swindling, a misdemeanor.

So far as the offense in this case is concerned, the statute defines swindling as the acquisition of any personal or movable property or money by means of same false or deceitful pretense or device or fraudulent representation with intent to appropriate the same to the use of the party so acquiring. (Art. 1421, P. C.)

Before the Act of 1913, page 184, the next article prescribed certain wrongful acts which were included in the above definition of swindling. By said Act of 1913 this subdivision was added to said article 1422, towit: "The obtaining by any person of any money or other thing of value with intent to defraud by the giving or drawing of any check, draft or order upon any bank, person, firm or corporation, with which or with whom such person giving or drawing said check, draft or order, has not at the time of the giving or drawing of such check, draft or order, or at the time when in the ordinary course of business such check, draft or order would be presented to the drawee for payment, sufficient funds to pay same, and no good reason to believe that such check, draft or order will be paid." The emergency clause of that Act stated, "The fact that there is no law now protecting the merchants and banks of this State from being swindled by the giving of checks where there are no funds to pay same, creates an emergency, etc."

Appellant was indicted and convicted under said articles for swindling the Continental State Bank of Sweetwater out of thirty dollars by giving to it his check for that amount on the First National Bank of Winters, Texas.

The uncontradicted testimony, briefly stated, shows, that some time prior to January 16, 1917, appellant deposited in said bank at Winters thirty dollars, that bank at the time issuing to him its deposit slip showing the deposit by him of said thirty dollars; that on January 16, 1917, appellant went into the said bank at Sweetwater and exhibited to that bank, and turned over to it at the time, said deposit slip for thirty dollars, thereby representing, and the officials of the bank at Sweetwater understanding, that he had said thirty dollars in said bank at Winters; and upon the face thereof, and such representation he drew his draft, in favor of said Sweetwater bank on said Winters bank, for thirty dollars and had the amount then and there placed to the credit of himself and his partner, Boone, representing at the time to said bank that he and said Boone were partners; that shortly thereafter he and Boone, or one or the other of them, drew out of said Sweetwater bank said thirty dollars. The thirty-dollar draft he thus drew and gave to said Sweetwater bank was, in due course of business, forwarded by it for collection on said Winters bank; that at the time he gave and drew said draft he did not have sufficient funds on deposit in said Winters bank for the payment of said draft; that before giving said draft he had checked out some of said thirty dollars; that the only deposit he had ever made in said Winters bank was thirty dollars, made some time before January 16, and never thereafter deposited with said Winters bank any money except said one deposit of thirty dollars.

Appellant introduced no evidence. He attacks the validity of said subdivision 4 of article 1422, copied above on these grounds: (1) It makes a condition subsequent to the act of drawing the draft a necessary element in order to convict; (2) it is uncertain because the following language therein is not defined: "and no good reason to believe that such check, draft or order will be paid;" contending that what shall constitute "good reason" is not defined nor prescribed; (3) said statute is uncertain in that it does not direct or prescribe who shall determine, the court or jury, what is "good reason;" (4) nor that a jury, in arriving at whether or not a "good reason" exists, shall view the case from his standpoint; (5) that what might appear as good reason to one defendant or one jury might appear to another defendant or jury as wholly insufficient, thus rendering the liberties of the accused subject to the caprice of different juries who might adopt different views rather than determining his liberties according to law; (6) it deprives him of liberty without due process of law.

None of appellant's contentions can be sustained. This court and our Supreme Court, and the United States Supreme Court have so repeatedly discussed such questions and sustained the validity of laws thus attacked that it is deemed unnecessary to again enter into such discussion. See Bradford v. State, 78 Texas Crim. Rep., 285, 180 S. W. Rep., 702, and cases there cited; Baskins v. State, 75 Texas Crim. Rep., 537, and authorities there cited; State v. T. & P. Ry. Co., 106 Texas, 18. The opinion in the Bradford case cites decisions by the

United States Supreme Court exactly in point, in principle, against appellant's contentions.

The testimony of Dr. Bowie, the cashier of the Sweetwater bank, to the effect that the thirty dollars, the amount of the draft drawn by appellant, was deposited to the credit of appellant and Boone, and his producing the deposit slip of his bank to that effect, was admissible. It was unnecessary for the indictment to allege, in order make such proof admissible, that Krueger and Boone were partners, Dr. Bowie testified that appellant represented to him that they were. Neither is there any presumption in law that Krueger and Boone was a corporation. Rather the reverse is true.

At the instance of the State herein the clerk of the lower court has completed the record by a properly certified copy of the order of the transfer of the indictment from the District to the County Court.

The judgment is affirmed.

*Affirmed.*