### J. B. James v. The State.

No. 8096.  Decided January 9, 1924.

**Swindling—Indictment—Insufficiency of the Evidence.**

Where the indictment failed to allege that the drawer of the check had no funds in the bank, and that defendant represented that he did, the indictment was insufficient, and besides the evidence showed that the defendant did not draw the check, wherefore the judgment must be reversed and the prosecution dismissed. Following Pruitt vs. State, 82 Texas Crim. Rep., 148, and other cases.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable Felix D. Robertson.

Appeal from a conviction of swindling; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Howard H. Dailey* and *A. J. Harper,* for appellant. Cited Cowan v. State, 41 Texas Crim. Rep., 617; Mathena v. State, 15 Texas Crim. Rep., 473; Lutton v. State, 14 id., 518; Wills v. State, 24 id., 400.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, and *Shelby S. Cox,* for the State.

HAWKINS, JUDGE.—Appellant is under conviction for the offense of swindling, his punishment having been assessed at four years confinement in the penitentiary.

Appellant appears to have been unrepresented by counsel at the time of trial, but after conviction a motion in arrest of judgment was filed atacking the sufficiency of the indictment. Subdivision 4 of Article 1422 of our Penal Code denounces as swindling:

"The obtaining by any person of any money or other thing of value with intent to defraud by the giving or drawing of any check, draft or order upon any bank, person, firm or corporation, with which or with whom such person giving or drawing said check, draft or order has not at the time of the giving or drawing of such check, draft or order, or at the time when in the ordinary course of business such check, draft or order would be presented to the drawee for payment, sufficient funds to pay same, and no good reason to believe that such check, draft or order will be paid."

The indictment in the instant case is based upon the subdivision of the Code just quoted. It alleges that appellant obtained possession of an automobile by means of false pretenses, devices and fraudulent representations in giving and drawing a certain check upon the Liberty State Bank of Dallas. The check set out in the indictment is payable to one E. M. Piper for $275.00 and signed by one *Mrs. Charles Setrak.* There is no allegation that appellant even indorsed this check. The only indorsement thereon as it appears from the indictment is that of E. M. Piper, the payee. The indictment alleges that *appellant* did not have at the time said check was drawn, or at the time when in the ordinary course of business it would be presented to said bank for payment, sufficient funds to pay said check, and had no good reason to believe that the check would be paid, and that he falsely represented that said check was a "valid, legal and valuable obligation." It will be observed that nowhere in the indictment is there an allegation that Mrs. Setrak had no funds in the bank; neither is it alleged that appellant represented that she did. The averment that he represented the check to be a "valid and legal obligation" would not suffice as an allegation that he represented that Mrs. Setrak had money in the bank. In our opinion the indictment is vulnerable to the attack made upon it and is defective in not charging that Mrs. Setrak had no funds in the bank and that this fact was known to appellant at the time he represented that she did have funds in the bank, if in fact he made such representation. Pruitt v. State, 82 Texas Crim. Rep., 148, 202 S. W. Rep., 81; Krueger v. State, 82 Texas Crim Rep., 404, 199 S. W. Rep., 629; Dawson v. State, 79 Texas Crim. Rep., 371, 185 S. W. Rep., 875.

We further observe that the proof does not sustain the allegations in the indictment. It alleges that appellant obtained possession of the automobile by giving and drawing the check in question. The evidence shows that Mrs. Setrak herself personally drew the check in the presence of Mr. Piper, the owner of the car, and that it was not given or drawn by appellant.

For the reasons stated the judgment must be reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*