### A. M. Grayson v. The State.

No. 9583.   Delivered November 25, 1925.

**Swindling, a Misdemeanor—Evidence—Allegation and Proof—Variance Fatal.**

Where, on a trial for swindling, it was shown that the information charged the passing of a worthless check, signed by the "Orange Auto Supply Co." per A. M. Grayson, and the proof did not show that there were not sufficient funds in the bank to the credit of the "Orange Auto Supply Co." the information was bad, and the variance fatal to the conviction. Following James v. State, 96 Tex. Crim. Rep. 308; 257 S. W. 886.

Appeal from the County Court of Orange County. Tried below before the Hon. DeWitt C. Bennett, Judge.

Appeal from a conviction for swindling, a misdemeanor, penalty a fine of $10, and one hour in the county jail.

The opinion states the case.

*Dies, Stephenson & Dies,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant is under conviction for misdemeanor swindling, with his punishment assessed at a fine of $10 and one hour in jail.

The information upon which the prosecution is based alleges in substance that appellant acquired certain property by giving

a check upon the First National Bank of Orange, Texas, for the sum of $32.60. The check in question was signed as follows: "Orange Auto Supply Co., per A. M. Grayson." The complaint and information then proceeds as follows:

"And the aforesaid defendant at the time said check was so given, and at the time when in the ordinary course of business the said check would be presented to the aforesaid bank for payment, did not have sufficient funds in said bank with which to pay the said check, and that the aforesaid defendant had no good reason to believe that said check would be paid when in the ordinary course of business said check would be presented to said bank for payment; that the aforesaid defendant then and there represented to the said C. C. Gentry that the said check, above described, was good, which representation was false and fraudulently made, and the aforesaid defendant knew said statement and representation was false at the time he so made it, and the aforesaid defendant knew that he did not have at the time said check was drawn and given, in the aforesaid bank, sufficient funds to pay same, and then and there had no good reason to believe that said check would be paid when the same would be, in the ordinary course of business, presented to said bank for payment, and the said check was in due course of business presented to the aforesaid bank for payment and payment of same was refused for want of sufficient funds of the aforesaid defendant in said bank to pay said check."

It will be observed that the check did not authorize the bank on which it was drawn to pay it out of funds to the credit of appellant, but out of those supposed to be to the credit of the "Orange Auto Supply Company." Nowhere in the information is the allegation made that the Orange Auto Supply Company had no funds in the bank, nor that appellant knew this when the check was drawn, but alleges that he (appellant) had no funds in the bank, and that payment was refused because of want of sufficient funds of appellant, and not because of lack of funds of the Orange Auto Supply Company.

The information was attacked because of the absence of the allegations suggested. That it is vulnerable to such criticism is supported by James v. State, 96 Tex. Cr. R. 308, 257 S. W. 886, and Clark v. State (not yet reported), which appear to be directly in point.

The judgment must be reversed and the prosecution ordered dismissed, and it is so ordered.

*Dismissed.*