**Beauford S. FANCHER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40851.**

Court of Criminal Appeals of Texas.

Dec. 11, 1967.

Rehearing Denied Feb. 7, 1968.

Reynolds, White, Allen & Cook, by Grant Cook, Houston, for appellant.

W. C. Lindsey, Dist. Atty., Cimron Campbell, Asst. Dist. Atty., Beaumont, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is the giving of a worthless check, a felony; the punishment, five years, probated.

Appellant relies upon Judge Hawkins' opinion in Grayson v. State, 102 Tex.Cr.R. 288, 277 S.W. 1064. The State in its brief has been unable to distinguish the case at bar from Grayson, and since the issues are identical, we will dispose of this case by paraphrasing Judge Hawkins' words.

The indictment alleged in substance that appellant acquired certain property by giving a check upon First State Bank of Groves, Texas, for the sum of $1185.00. The check in question was signed as follows: "Diamond Enterprises, Inc., Beauford S. Fancher." The indictment then proceeds as follows: " * * * and the said Beauford S. Fancher then and there did not have and knew he did not have sufficient funds with said bank to pay said check and all other checks, drafts and orders outstanding upon which funds at the time said check was given and drawn and with no good reason to believe the check, draft and order would be paid upon presentation to the bank upon which said check was drawn, said check was presented to said bank for payment and payment was refused for want of sufficient funds of the said Beauford S. Fancher."

It will be observed that the check did not authorize the bank on which it was drawn to pay it out of funds to the credit of appellant, but out of those supposed to be to the credit of "Diamond Enterprises, Inc." Nowhere in the indictment is the allegation made that Diamond Enterprises, Inc., had no funds in the bank, or that appellant knew this when the check was drawn; but alleges that he (appellant) had no funds in the

bank, and that payment was refused because of want of sufficient funds of appellant and not because of lack of funds of Diamond Enterprises, Inc.

The indictment was attacked because of the absence of the allegations suggested. That it is vulnerable to such criticism is supported by James v. State, 96 Tex.Cr.R. 308, 257 S.W. 886, and Clark v. State, 102 Tex.Cr.R. 88, 277 S.W. 132, which appear to be directly in point. See also Porter v. State, 158 Tex.Cr.R. 237, 254 S.W.2d 516.

The judgment must be reversed and the prosecution ordered dismissed, and it is so ordered.