## C. W. MAXWELL v. THE STATE.

No. 19623. Delivered April 13, 1938.

The opinion states the case.

*J. Meek Hawkins*, of Houston, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is passing a forged instrument; penalty assessed at confinement in the penitentiary for two years.

The count of the indictment upon which the conviction rests alleges that the appellant "did knowingly pass and attempt to pass as true to Dorothy Heinze a forged instrument in writing of the tenor following:

"Dallas Trust & Savings Bank   34-56
of Dallas
"Dallas, Texas,   1-7 1935   No. 2606
"Pay to the
   Order of      R. W. STONE                              $50.00
              Exactly $50 & 00 Cts                       Dollars
                                  "Clay  Hight
"CASHIER'S CHECK                   Cashier."

The State's witness, J. C. Morton, testified that he was the
manager of the store of Henke & Pillot at 2800 Travis Street,
Houston, Texas; that on January 7, 1935, a check was present-
ed to him for approval. The check was indorsed by R. W. Stone.
Appellant said he was an oil man and had an office in the Second
National Bank Building. Morton was not acquainted with the
appellant but was familiar with the name of R. W. Stone. After
Morton had marked his O.K. on the check, the appellant pre-
sented it to Miss Dorothy Heinze, the cashier, for payment. The
check was deposited by Henke & Pillot in the Union National
Bank and was returned without payment. Morton positively
identified the appellant upon the trial as the person who pre-
sented the check for his approval.

Miss Dorothy Ellen Heinze testified that she was employed
in the drug department of the store of Henke & Pillot; that she
worked in the cashier's cage. On or about January 7, 1935, a
check for $50.00 was presented to her for payment. She gave
the man the money on the check because it bore the O.K. of
the manager of the store. However, she could not identify the
person who presented the check to her for payment.

H. F. Lindley testified that he was employed by Henke &
Pillot as special officer and investigator; that on or about Jan-
uary 7, 1935, he saw the appellant take a check from his pocket,
turn it over and indorse it on the desk in front of the cashier's
cage. After appellant had left the store, Lindley walked up to
the cashier's cage and asked for the check. Lindley looked at
appellant when Morton O.K.'d the check. He was standing with-
in three feet of Miss Heinze when she paid appellant the money.
Lindley got the check immediately and put on it the following
notation: "January 10th, '35." About six days after appellant
had presented the check for payment, Lindley started an in-
vestigation on it, in the course of which he ascertained that the
Dallas Trust & Savings Bank of Dallas had never employed a
man by the name of Clay Hight; that the bank mentioned was
changed to The Dallas Bank & Trust Company in 1930; that
the bank on which the check was drawn was not in existence
on January 7, 1935. Lindley described the appearance of the

appellant at the time he cashed the check in question and also afterwards.

R. W. Stone testified that he was in the oil refining business; that he had an office at 2115 Second National Bank Building, Houston, Texas; that the signature, R. W. Stone, on the back of the check was not his signature; that he did not know the appellant, C. W. Maxwell. Stone testified that he had not given the appellant or anyone else permission to write his name on the back of the check which was introduced in evidence.

Clay Hight testified that he was vice president of the Citizens National Bank of Tyler, Texas; that he had held that position since 1926; that he did not sign his name on the check as cashier of the Dallas Trust & Savings Bank. He did not know the appellant and had never seen him before the trial. Hight testified that he did not give the appellant or anyone else permission to sign his name to the check introduced upon the trial.

The appellant introduced three witnesses who testified that he was living in San Antonio, Texas, during the month of January, 1935. However, none of the witnesses testified that he was in that city on January 7, 1935. Their testimony in the main tended to show that the father of the appellant died and was buried in San Antonio on December 26, 1934.

The appellant testified and denied signing the name of Clay Hight to the check or indorsing the name of R. W. Stone on it. He also denied having received any money on the check. He testified that he was in the oil business and was so engaged at the time of his arrest. He said he was in San Antonio, Texas, on January 9, 1935; that he had worked for C. S. Woods in Houston prior to that time; that about January 15th he went to work for a concern in San Antonio who was getting out a telephone directory for the Army Post. He denied being in the store of Henke & Pillot in Houston on January 10, 1935. He claimed that he was in San Antonio from the latter part of November, 1934, until March 14, 1935; that at no time, day or night, had he left that city. The appellant admitted on cross-examination that he was under indictment in Gregg County, in Dallas County, and in Harris County; that he was twice indicted in Dallas County, and had seven cases pending against him in Harris County.

No bills of exception are presented for review, but in what is denominated the "Defendant's First Amended Motion for New Trial" complaint is made of various matters alleged to have occurred upon the trial which appellant claims to have been erroneous. However, these complaints can not be considered by this Court for the reason that errors are not available on appeal

when complained of for the first time in a motion for new trial. The objections should be made and exceptions reserved at the time of the trial. See Tex. Jur., Vol. 4, p. 103, Sec. 68; Brown v. State, 80 S. W. (2d) 316.

We have perceived nothing in the record before us which would warrant a reversal of the conviction. The judgment is therefore affirmed.