## B. B. STEVENSON V. THE STATE.

No. 21970. Delivered January 27, 1943.

The opinion states the case.

*M. H. Barton,* of Overton, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of polluting a fresh water stream. The punishment assessed is a fine of $300.00.

By motion to quash appellant questions the sufficiency of the complaint and information on two grounds: First, because the same do not inform him of the particular means used in the commission of the alleged offense; and second, because under

Section 2 of Article 698a of the Penal Code, it is permissible under certain conditions to discharge salt water into fresh water streams and these conditions are not negatived in the information.

Omitting the formal parts, the information, which follows the language of the complaint, reads as follows:

"That B. B. Stevenson, * * * heretofore, on or about the 8 day of September, 1941, in the County of Smith, State of Texas, did then and there unlawfully and knowingly pollute a certain watercourse and public body of water, to-wit: Wright Creek, in said County, by then and there throwing, casting and depositing, and causing to be thrown, cast and deposited therein crude petroleum, oil, oil refinery wastes and oil well wastes and other polluting matters and substances to-wit: salt water, mineral water, acids, sulphur water and sewage in said watercourse and public body of water, thereby then and there endangering, menacing and causing harm and injury to and the destruction of fish life and other aquatic organisms contained in the waters of such watercourse and public body of water."

It will be noted that the information charges appellant with having committed the offense by all the means denounced by the statute. The averments relative to the means employed are in the conjunctive, which seems permissible under the established rules of pleading in criminal cases. In the case of Comer v. State, 26 Tex. Cr. App. 509, (in fact, p. 512) this court, in passing upon a similar question, said:

"If several offenses are embraced in the same general definition, and are punishable in the same manner, they are not distinct offenses and may be charged conjunctively in the same count."

This rule was reaffirmed in the case of Johnson v. State, 171 S. W. 211, 75 Tex. Cr. R. 177.

In the instant case, the information charged the commission of the offense by all the ways and means stated in the statute in accordance with the established rule of pleading applicable in this State.

With reference to the failure to negative the existence of the conditions which permits the discharge of salt water into

fresh water streams, we deem it sufficient to say that the exception or proviso is no part of the definition of the offense nor descriptive thereof. It is in a separate and distinct section; hence it is not necessary to negative the same. See Branch's Ann. Tex. P. C., p. 263, sec. 510, and authorities there cited. See also Williams v. State, 37 Tex. Cr. R. 238; Newman v. State, 58 Tex. Cr. R. 223; Walker v. State, 151 S. W. 318; State v. Humfeld, 166 S. W. 332. Such matter may be asserted as a defense.

Appellant's second contention is that the statute under which this prosecution is brought and maintained is void because Articles 697, 698, and 698a of the Penal Code all define the offense of polluting fresh water streams but each provides a different penalty. The complaint and information in the instant case are apparently drawn under the terms of Article 698a, P. C., and alleged in the conjunctive all of the different manners in which the offense of polluting watercourses or public bodies of water could be committed. The charge of the court submitted to the jury all of the different manners in which the offense might be committed. Article 697 fixes punishment for the pollution of a water-course at a fine not exceeding five hundred dollars. Article 698 fixes the punishment for polluting a water course at a fine of not less than one hundred dollars nor more than one thousand dollars. Article 698a fixes the punishment for polluting a water-course at a fine of not less than two hundred dollars nor more than one thousand dollars. Article 698a was passed at the First Called Session of the 42nd Legislature, (Chap. 42, p. 88), and is made cumulative of all other laws relating to the same subject matter. There is, therefore, a conflict in the penalties prescribed in Articles 697, 698, and 698a, supra. Consequently the statutes are so indefinite as to be inoperative. Cooper v. State,, 25 Tex. Cr. App. 530; Moran v. State, 122 S. W. (2d) 318.

Inasmuch as the articles of the statutes relative to the subject matter under discussion are in conflict as to the penalty prescribed by each for the same offense, they are inoperative, and therefore the judgment of the trial court is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.