ALBERT HESBROOK V. THE STATE.

No. 23331. Delivered May 1, 1946.

The opinion states the case.

*Kelley & Looney, Rogers Kelley,* and *L. Hamilton Lowe,* all of Edinburg, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Under an indictment charging theft under the general statute, appellant was, upon his plea of guilty, convicted of theft by false pretext, as defined by Art. 1413, P. C., and his punishment assessed at four years' confinement in the penitentiary.

The procedure prescribed by Art. 10a, C. C. P., authorizing a plea of guilty and waiver of jury in a felony case, was followed. In such cases, however, the burden is upon the State, in order to sustain a conviction, to introduce sufficient evidence to show the guilt of the accused. The plea of guilty, alone, will not suffice. Art. 12, C. C. P., as amended. Burks v. State, 145 Tex. Cr. R. 15, 165 S. W. (2d) 460.

Appellant urges that the evidence here relied upon does not meet the requirements of that statute.

We quote from the testimony of Mrs. Villareal, the alleged injured party, as follows:

"On or about May 22, 1944, I had occasion to pay $200.00 to the defendant, Albert Hesbrook. The reason I gave him that $200.00 was, he said that he was going to bring my son back to me for $400.00. I gave him $200.00 at that time, and he gave me a receipt for the money. My son was in the army in Italy at that time. Mr. Hesbrook told me that he could bring my son back to me, and I naturally wanted to get my son back here because I am his mother. I was to pay Mr. Hesbrook $400.00 for getting my son back here for me, and paid him $200.00 at that time. I took another $200.00 over to him, and his wife took it and gave me a receipt for $100.00, although I actually paid her $200.00 in cash at that time. My son is still in the army in Italy. Mr. Hesbrook said that it would probably take two or three months for him to get my son back for me. At the time I paid him the money, Mr. Hesbrook represented to me that he would bring my son back for me and told me that he would bring him back. I afterwards went to see Mr. Hesbrook and inquired of him whether or not he was getting my son back, and he always told me that he was coming back home. Mr. Hesbrook never has returned my money to me, although he told me that he would return the money if he couldn't produce the boy."

The foregoing is all the material testimony.

In analyzing this testimony, it is deemed pertinent to do so both from an affirmative and a negative viewpoint—that is, to ascertain what is and what is not affirmatively shown.

It is affirmatively shown:

(a) Mrs. Villareal had a son, at that time stationed in Italy, whom she wanted out of the army and she was willing to pay money to have that wish fulfilled; (b) appellant represented that he could get the son out of the army and would do so for $400.00, which Mrs. Villareal paid to him; (c) appellant did not perform his contract, and converted the money to his own use and benefit.

It is not shown (a) that a condition or circumstance existed by, through, and under which the son was justly entitled to be discharged or released from the army; (b) whether or not appellant was authorized to or occupied a position by which he could legitimately get the son out of the army.

The pretext here relied upon was the representation by appellant that he could and would get the son out of the army. Such was the inducing cause for Mrs. Villareal to deliver to appellant the $400.00.

Wherein does this record reveal the falsity of that pretext? It must be remembersed that the pretext must be false. 41 Tex. Jur., p. 68, sec. 46; Stokely v. State, 24 Tex. Crim. App. 509, 6 S. W. 538; Flagg v. State, 51 Tex. Cr. R. 602, 103 S. W. 855; Segal v. State, 98 Tex. Cr. R. 485, 265 S. W. 911, 35 A. L. R. 1331. Promises and representations to be performed in the future may constitute the pretext but, nevertheless, they must be proven to be false. 41 Tex. Jur., p. 68, sec. 46, and authorities there cited.

It is now the settled law of this State that a false pretext is necessary to constitute the crime of theft by false pretext. The intent to deprive the owner of the property and subsequent appropriation of it, alone, is not sufficient. Segal v. State, supra; Roe v. State, 144 S. W. (2d) 1104, 140 Tex. Cr. R. 387.

We are unable to distinguish the instant case from the Segal case, supra. There, Segal bought goods on credit. No false pretext was used. Segal sold the merchandise and failed to pay for it. It was contended that, notwithstanding the fact that no false pretext was used in obtaining the merchandise, Segal, at the time he obtained the merchandise, never intended to pay therefor, but intended to deprive the owner of the value thereof and to appropriate it to his own use and did so appropriate it. It was held that, under such facts, Segal was not guilty of theft by false pretext. The Segal case, supra, was followed in the Roe case, supra.

Under the authorities cited and discussed, we are constrained to conclude that a false pretext is not here shown and, therefore, the facts are insufficient to show the guilt of the appellant. The mere fact that one fails to return or pay back money after failing to perform a contract, for the performance of which the money was paid in advance, does not constitute theft.

Whether the contract made and entered into by and between appellant and Mrs. Villareal was in violation of the Selective

Service Act or other Federal law is a matter for the Federal courts and not within the jurisdiction of this court.

Because the State failed to introduce sufficient evidence to show the guilt of the appellant, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.