## F. L. KING V. STATE.

No. 24048. June 2, 1948.
Rehearing Denied October 6, 1948.

Hon. A. O. Newman, Judge Presiding.

*J. C. Darroch,* of Brownwood, for appellant.

*Ralston P. Haun,* District Attorney, of Coleman, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of an automobile over the value of Fifty Dollars. The punishment assessed is confinement in the state penitentiary for a period of two years.

Appellant's first contention is that the evidence is not sufficient to establish his guilt of the offense of theft; that if he is guilty of anything, it is swinding. The solution to this question rests in the evidence.

The record shows that on the 15th day of May, 1947, M. W. Price was engaged in buying and selling automobiles. On that day, appellant came to Mr. Prices's place of business and purchased a 1941 model automobile and gave Mr. Price his check in the sum of Eleven Hundred Dollars. He told Mr. Price that he had the money in the bank and it would be paid on presentation to the First National Bank of Brownwood, against which it was drawn; that he, Price, relied on the statement made to him by appellant and delivered the automobile to him; that when the check was presented for payment on the following morning, payment was refused for want of funds in the bank to the credit of appellant. The record further shows that appellant had not had any money in the bank to his credit since the 14th day of July, 1944. About 3 or 4 days later, appellant was arrested in Harris County, Texas, where the automobile in question was found in a junk shop. Appellant made a voluntary confession which was introduced in evidence. He did not testify or offer any affirmative defense.

Appellant takes the position that if he is guilty of any of-

fense under the foregoing facts, it is swindling and not theft. We do not agree with this contention since the prosecution proceeded under Art. 1413, P. C., which provides as follows:

"The taking must be wrongful, so that if the property came into the possession of the person accused of theft by lawful means, the subsequent appropriation .of it is .not theft, but if the taking, though originally lawful, was obtained by any false pretext, or with any intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of the person taking, and the same is so appropriated, the offense of theft is complete."

The constituent elements of theft by false pretext consist, first, in obtaining the property by means of a false pretext; second, that at the time the property is so obtained the accused had the intent to deprive the owner of the value thereof and to appropriate it to his own use and benefit; and third, that pursuant to said intent said property was appropriated by the accused.

The uncontroverted facts show that appellant, with a view of obtaining the possession of the automobile in question, gave Mr. Price a worthless check which he knew to be worthless. By his fraudulent statements to Mr. Price that it was good; that it would be paid when presented to the bank since he had the money in the bank, he induced Mr. Price to deliver unto him the automobile, otherwise he would not have parted with the possession of the same. The evidence clearly and unmistakably shows the false pretext and also shows the fraudulent intent of appellant to deprive Price of the automobile and to appropriate it to his own use and benefit which he did.

He contends that the false representations made by him related solely to past and present facts and not to anything in the future and thus the evidence shows a case of swindling and not theft by false pretext. He cites us to the following cases as sustaining his contention, to-wit: Johnson v. State, 162 S. W. (2d) 980; Dix v. State, 124 S. W. (2d) 998; and York v. State, 143 S. W. (2d) 770. We have again reviewed the case of Johnson v. State, supra, but fail to see any benefit which he may derive from that case. In that case, as in the instant case, the appellant contended that if guilty of any offense it was swindling and not theft, yet, this court disagreed with him and affirmed the judgment of conviction for the offense of theft. In the case of Dix v. State, supra, the injured party intended to part with the title to the proprty as well as its possession while in the instant case the injured party retained the title and parted only with the possession of the automobile.

In the case of Gibson v. State, 85 Tex. Cr. R. 462 (214 S. W. 341), this court, speaking through Judge Lattimore, said, "The distinction between the offense of swindling and theft by false pretext, as deduced from the opinions of this court, seems to depend upon whether the injured party was induced to part or intended to part with both title and possession of his property, in which event the case is swindling, or whether he intended to part only with possession, in which event it will be theft by false pretext." However, we do not wish to be understood as holding that such is the sole distinction between swindling and theft by false pretext as pointed out by Judge Morrow in the case of De Blanc v. State, 118 Tex. Cr. R. 628 (37 S. W. (2d) 1024).

It occurs to us that perhaps appellant has overlooked Art. 1549, Vernon's Ann. P. C., as amended by the 48th Legislature, which provides as follows:

"Where property, money, or other articles of value enumerated in the definition of swindling, are obtained in such manner that the acquisition thereof constitutes both swindling and some other offense, the party thus offending shall be amenable to prosecution at the state's election for swindling or for such offense committed by him by the unlawful acquisition of said property in such manner."

If, however, the facts in this case should be held to constitute swindling under Art. 1545, P. C., it cannot be successfully asserted that the facts would not authorize a jury to find that possession of the automobile was obtained by false pretext, with the intent to deprive the owner of the value thereof, and with the intent to appropriate the same to the use and benefit of appellant. Under such circumstances, he would also be guilty of theft by fraudulent pretext. Such is the holding in the case of De Blanc v. State, supra, as we understand the holding of this court.

In our opinion, the evidence is sufficient to authorize the jury to conclude that appellant obtained possession of the automobile by a false pretext with the intent in mind at the time to deprive the owner of the value thereof and did so, which constitutes the offense of theft by false pretext under Art. 1413, P. C. The court submitted this case to the jury by an appropriate instruction on that phase of the law alone which we think was proper. See Davenport v. State, 78 S. W. (2d) 605; and Roe v. State, 140 Tex. Cr. R. 387 (144 S. W. (2d) 1104), where the facts are similar to the facts in the instant case.

He brings forward three bills of exception. By Bill of Exception No. 1 he complains of the court's action in overruling his motion for a continuance based on the absence of Bob Duncan, Edna Duncan, and Doyle Duncan, by whom he would have proved, if in attendance at court, that appellant came to visit their home in the automobile in question; that he made no effort to conceal the car nor to dispose of the same; that he left the car parked in front of the residence of Bob Duncan; that Bob Duncan owed him Nine Hundred Dollars; that he called on Bob Duncan for the money and asked for a loan of an additional amount sufficient to pay the check in question. If, however, he failed to obtain the money to clear the check, he intended to return the car and would have done so the next day had he not been arrested.

In our opinion, the court did not err in overruling the motion since the matters set out in the motion as to what the witnesses would testify to as to his object in seeking a loan with which to clear the check and in case he failed to return the car to the injured party would have been hearsay and a self-serving declaration on the part of appellant.

By Bill of Exception No. 2 he complains of the testimony of the deputy sheriff, Jack Pike, who was permitted to testify over the objections of appellant that he, Jack Pike, traveled over 1,700 miles in an attempt to locate appellant; that in his attempt to locate him he went to various places. We think that this was a circumstance showing flight on the part of appellant and was admissible for that purpose.

This third complaint is that the court erred in permitting the state, after it had rested and after appellant had introduced some documentary evidence, to introduce appellant's voluntary confession. We see no error in the procedure complained of. Art. 643, Vernon's Ann. C. C. P., provides as follows: "The court shall allow testimony to be introduced at any time before the argument of the cause is concluded, if it appear that it is necessary to a due administration of justice." See Notes 6 and 7 under said article where many authorities are cited sustaining the court's actions.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Under Art. 1549, P. C., as it existed prior to its amendment by the 48th Legislature, it was the rule that where a state of facts showed both the offense of swindling and some other offense the prosecution was required to be maintained for such other offense. In other words, where a state of facts showed both swindling and theft by false pretext a conviction thereunder could not be maintained for swindling. De Blanc v. State, 118 Tex. Cr. R. 628, 37 S. W. (2d) 1024; McCuistion v. State, 143 Tex. Cr. R. 283, 158 S. W. (2d) 527.

By the amended Art. 1549, P. C. (set out in the original opinion) such rule was abrogated and was the basis of the amendment, as shown in the emergency clause to the bill. (Chap. 240, Acts Regular Session 48th Legislature in 1943).

Under Art. 1549, P. C., as amended, the State may now prosecute either for the offense of swindling or theft by false pretext, under a state of facts showing both offenses. Whitehead v. State, 148 Tex. Cr. R. 190, 185 S. W. (2d) 725.

Applying the rule stated to the instant conviction for theft by false pretext, the material inquiry is whether the facts show the commission of that offense, it being immaterial whether the facts also show the crime of swindling. Appellant's argument that the instant facts show the crime of swindling is therefore unavailing.

As pointed out in the original opinion, appellant obtained possession of the automobile by the giving of a worthless check, which he represented to be good and would be paid upon presentation to the bank, followed by the subsequent appropriation of the automobile.

We remain convinced that the facts are sufficient to warrant the jury's conclusion that appellant came into possession of the automobile by a false and fraudulent pretext, with the intent, at the time, of depriving the owner of the automobile of the value thereof and to appropriate it to his own use and did so appropriate the automobile, thereby establishing the crime of theft by false pretext. As supporting this conclusion, see, also, Roe v. State, 140 Tex. Cr. R. 387, 144 S. W. (2d) 1104.

Believing a correct conclusion was reached originally, the motion for rehearing is overruled.

Opinion approved by the Court.