HUGH E. DIXON v. STATE.

No. 24105. November 10, 1948.
Rehearing Denied December 15, 1948.

Hon. W. W. McCrory, Judge Presiding.

*James F. Tafolla, Jr.,* and *Leonard Brown,* both of San Antonio, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Appellant contracted in writing with the injured party to remodel her house on a cost plus basis—that is, appellant was to be paid the cost of the material and labor in the construction and fifteen per cent of the cost of construction for his services.

In the course of the construction appellant used 4,000 feet of 12″ concrete tile pipe, billed to him by the materialman at $400, which appellant subsequently paid.

In a bill for $709.76, rendered to the injured party, the 4,000 feet of pipe was listed at $500, which the injured party paid. It is for this $100 difference between what the pipe cost appellant and what he charged and received from the injured party that appellant stands here convicted of theft by false pretext, with punishment assessed at two years' confinement in the penitentiary.

The sufficiency of the evidence to support the convicion is challenged.

Theft by false pretext is the obtaining of property by means of a false pretext, with intent to deprive the owner of the value thereof and to appropriate it to his own use, followed by such appropriation. Art. 1413, P. C.; Hoovel v. State, 125 Tex. Cr. R. 545, 69 S. W. (2d) 104; Nichols v. State, 133 Tex. Cr. R. 294, 109 S. W. (2d) 1057; Maxwell v. State, 134 Tex. Cr. R. 311, 115 S. W. (2d) 937; McCuistion v. State, 143 Tex. Cr. R. 283, 158 S. W. (2d) 527, 141 A. L. R. 205; Powell v. State, 147 Tex. Cr. R. 320, 180 S. W. (2d) 358.

As to what transpired between injured party and appellant at the time she paid to him the $709.76, we quote from her testimony upon direct examination, as follows:

"Shortly after the signing of this contract Mr. Dixon did some work on my premises and he presented me with a bill the first week. This bill you show me is the bill he presented to me. He gave me the bill on the 14th of January, 1947. When he presented me with that bill I don't know that I questioned any of the items shown on the bill. He presented the bill and I paid him. He said that is what it was. He presented the bill to me and I made him a check."

Upon cross-examination, she testified:

"When he came out there on the 14th of January he gave me that bill and he said 'this is the first bill.' I had no objections because he had brought the material there and started construction. I gave him the check.

"I knew that he had to have money from me before he could pay these bills. He was given this money and with that money he was going to pay those bills. I knew that."

The claim that the evidence is insufficient to support the conviction rests upon the proposition that the testimony of the injured party does not show that appellant expressly represented that the bill presented for payment was true in that the pipe, in fact, cost $500 and that, by reason thereof, no false pretense or pretext on the part of appellant is shown.

Verbal assertions or direct representation are not required to show a false pretense or representation. Such may be shown by the conduct and acts of the party. Wharton's Criminal Law, Vol. 2, Sec. 1436, p. 1727; 22 Am. Jur., p. 455, Sec. 19; Blum v. State, 20 Tex. App. 578; Brown v. State, 37 Tex. Cr. R. 104, 38 S. W. 1008.

When the contract and the acts and conduct of the appellant are construed together and as a whole, it is apparent that the act of appellant in presenting to the injured party the bill carrying the false item of $500 for the pipe constituted a representation upon his part that it was true and that he had paid or was to pay to the materialman the $500 therein listed for the pipe. The falsity of such representation is abundantly shown.

The conclusion is reached that the facts are sufficient to warrant the jury's conclusion that appellant, by a false pretext

and with intent to defraud, induced the injured party to deliver to him $100, which he appropriated to his own use and benefit, thereby establishing the crime of theft by false pretext.

It is insisted that, inasmuch as the injured party testified that at the time she delivered to the appellant the check in payment of the bill rendered, including the $100, she intended to part with both the title and possession thereof, the offense is that of swindling and not theft by false pretext.

In King v. State, 213 S. W. (2d) 541, we held that under Art. 1549, P. C., as amended, the State may now prosecute either for swindling or theft by false pretext, under a state of facts showing both offenses.

Whether the facts in the instant case also show the crime of swindling is no defense to this prosecution. The only issue for our determination is: Do the facts show the crime of theft by false pretext? This we have concluded in the affirmative.

The charge on circumstantial evidence was excepted to because the trial court did not in connection therewith "tell the jury as to what part of essential elements of the offense charged in the indictment has been shown by circumstantial evidence." To have complied with this request would have constituted the charge as one upon the weight of the evidence. Moreover, we seriously doubt that a charge on circumstantial evidence was called for, in the first instance.

By requested charge, as well as an exception to the charge, appellant sought to have the jury instructed to the effect that if appellant was the agent of the injured party in receiving the money paid to him he would not be guilty of the offense charged.

The facts raised no such issue. It must be remembered that the appellant did not testify. According to the testimony of the injured party, she paid to the appellant the $709.76, including the $500 item for the pipe, under circumstances deemed sufficient to constitute a false representation by him that the account was true and that the pipe had cost the sum of $500. No agency is shown.

Appellant sought to have the jury instructed upon misdemeanor theft. The facts raised no such issue.

Other matters insisted upon are overruled without discussion.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

In a well-prepared motion for a rehearing, appellant seriously contends that we erred in holding that he was not entitled to an instruction by the court on the law of misdemeanor theft.

After again reviewing the record, we remain convinced that the conclusion expressed in our original opinion is correct because appellant presented to Mrs. Policastro a bill for four thousand tile at a cost of Five Hundred Dollars and collected said amount from her, whereas, he purchased the four thousand tile for Four Hundred Dollars, and collected from Mrs. Policastro One Hundred Dollars more than he was entitled to at the time. Consequently, the offense was completed when he collected the Five Hundred Dollars.

Believing that the case was properly disposed of on original submission, the motion for a rehearing is overruled.

Opinion approved by the Court.