## J. H. PORTER V. STATE.

No. 26,111.  December 17, 1952.
Rehearing Denied February 4, 1953.

*Piranio & Paranio,* by *Angelo Piranio,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *John Grant* and *Charles S. Potts,* Assistants Criminal District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appellant was assessed a fine of $100.00, with a jail sentence of 30 days, on a charge of swindling by giving a check on a bank in which he did not have funds sufficient to pay the amount.

The appeal is based chiefly on the contention that there is a variance in the complaint, for which reason the motion to quash should have been sustained.

The check in question was given to The Great Atlantic & Pacific Tea Company for $22.50. It was written on a form furnished by the company, in which the payee's name was printed and the name of the bank was left blank. The complaint alleges that it was on the Lakewood State Bank and then copies the check in which the name of the bank appears as "Lakewood Bank."

In view of the evidence developed in the case, we know of no other way the complaint could have been drawn. It is sufficient to allege that the intended bank was Lakewood State Bank and that, following the custom generally prevailing, he wrote in the name "Lakewood Bank." The evidence shows conclusively that there is no such bank and the pleader was correct in alleging that it was drawn on the Lakewood State Bank. Had it not been so charged the necessary proof in the case would have been at variance from the complaint. We have considered the authorities cited by appellant and fail to find any comfort in them for the question here considered.

Another ground upon which a reversal is asked is because of a statement of the assistant district attorney to the jury in his argument. He expressed the opinion that this was an aggravated case. In as much as the evidence shows that the check was deliberately given on a bank in which the accused knew he had no funds, it is distinguished from one in which the drawer of the check does have an account but recklessly draws a check over and above the amount he has on deposit. The facts justify the statement made by the prosecution.

We find no other matter requiring consideration and the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Presiding Judge.

Appellant reiterates in his motion for rehearing the proposition that there is a variance in the complaint and information and the facts pleaded herein as well as in the facts produced on the trial.

It is alleged that the appellant did unlawfully with intent to defraud obtain certain money from a certain person by the giving and drawing of a certain draft upon a certain bank, to-

wit: Lakewood State Bank, Dallas, Texas, which said draft was then and there of the tenor following:

"Dallas, Texas, 3-1 1952
TO THE Lakewood Bank                                    Dallas
PAY TO THE
ORDER OF THE GREAT ATLANTIC & PACIFIC
                                          TEA COMPANY $22 50/
    Twenty Two _____50/100 DOLLARS
406 S. W. Life Ins. Bldg.,
RA 6623                                          J. H. Porter
with which said bank the defendant did not at the time said draft was so given and drawn have sufficient funds to pay such draft and all other checks and drafts upon said funds outstanding at the time said draft was so given and drawn. Against the peace and dignity of the State."

It is contended that upon the face of this instrument itself it fails to charge an offense as denounced by law. The instrument pleaded herein in haec verba seems to be directed to the Lakewood Bank. The testimony shows that there was no Lakewood Bank but that the name of the same was the Lakewood State Bank. It was charged that the check itself was directed to the Lakewood Bank.

It is the duty of the state to show the facts as near as possible which are relied upon to constitute the commission of an offense. It should have been alleged by innuendo that the check or draft was intended for the Lakewood State Bank, but when the check itself was presented in the information it was not shown to have been offered to the Lakewood Bank. Under the circumstances we think there is a variance on the face of the information itself. This variance should have been met, if possible, by an innuendo averment showing that the same was intended for the Lakewood State Bank. See McBride v. State, 48 Tex. Cr. R. 213, 88 S.W. 237. True it is that the testimony shows that the Lakewood State Bank was sometimes called the Lakewood Bank, but we do not find such an averment on the face of the information and therefore the information itself is confusing and uncertain and is not able to be understood that such phrases have the identical meaning.

We notice a further matter. Article 567b, Section 1, Vernon's P.C., provides that it shall be unlawful for any person to give a check, draft or order upon any bank, person, firm or corporation, "knowing at the time of such making, drawing, uttering

or delivering" that he has not sufficient funds in, or on deposit with, such bank, person, firm or corporation, for the payment of such check, draft or order, etc. We do not find such allegation in the information in this cause.

We recently held in Pallage v. State, (Page 41, this volume), 253 S.W. (2d) 47, that it was necessary to allege that the accused, when he gave such check, had knowledge of the fact that there were no funds in the bank drawn upon for the payment thereof. See also the recent case of Knight v. State, (No. 26,051) (Page 158, this volume).

The motion for rehearing is granted, the order of affirmance is set aside, the judgment is now reversed and the prosecution ordered dismissed.