EDWARD BROWDER, JR. V. STATE

No. 28,420. June 27, 1956.

*Byron Chappell* and *Bill Clark*, Lubbock, for appellant.

*Travis D. Shelton*, District Attorney, *James F. Moore*, Assistant District Attorney, Lubbock, and *Leon Douglas*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the giving of a worthless check, under Art. 567b, Vernon's P.C., with punishment assessed at three years' confinement in the penitentiary and a fine of $1.00.

The sufficiency of the indictment was attacked by motion for arrest of judgment.

The indictment charged, in effect, that appellant obtained $80.07 in money and paid a hotel bill of $69.93, by the giving of a worthless check to the hotel company for the sum of $150.

The indictment also charged that the check was given with intent to defraud and that at the time given, and when in the ordinary course of business said check would be presented for payment, the appellant did not have sufficient funds at the bank with which to pay it.

There is an entire absence of any allegation therein that the check was given by appellant with knowledge that he did not have funds in or on deposit with the bank with which to pay that and all other outstanding checks.

It is because of the absence of an allegation of knowledge that appellant attacks the sufficiency of the indictment.

The statute, Art. 567b, Sec. 1, Vernon's P.C., expressly incorporates, in the use of the following words, knowledge on the part of the accused of the worthlessness of the check when he gives it:

"* * * knowing at the time of such making, drawing, uttering, or delivering, that the maker, or drawer, has not sufficient funds in, or on deposit with, such bank, person, firm, or corporation, for the payment of such check, draft or order, in full, and all other checks, drafts or orders upon such funds then outstanding."

Being an essential element of the offense charged, such knowledge on the part of the accused must be alleged in the indictment. See Willson's Criminal Forms, Sixth Edition; Pallage v. State, 158 Tex. Cr. R. 41, 253 S.W. 2d 47; Glover v. State, 158 Tex. Cr. R. 428, 256 S.W. 2d 107; Porter v. State, 158 Tex. Cr. R. 237, 254 S.W. 2d 516.

The state seeks to sustain the sufficiency of the indictment because it is alleged therein that the check was given with intent to defraud. The state contends that this amounts to an allegation of a lack of knowledge on the part of the accused as to the worthlessness of the check.

To accept such contention would be to authorize an essential element of a crime to be alleged in the indictment indirectly and by intendment and not directly. Moreover, if the allegation of an intent is to be looked to, an allegation would necessarily be required that the check was, in fact, presented to the bank and payment was refused. There is no such allegation in the indictment.

For the reason pointed out, the judgment is reversed and the prosecution ordered dismissed.