Lucky B. Thompson v. State

No. 29,191. January 8, 1958.

*James Pearson* and *Robert M. Favor,* Sweetwater, for appellant.

*Leon Douglas,* State's Attorney, Austin for the state.

WOODLEY, Judge.

Appellant was convicted and assessed a term of two years in the penitentiary and a fine of $1.00 for the offense of delivering a check in the sum of $50.00 with intent to defraud. (Art. 567b V.A.P.C.)

The undisputed evidence shows that appellant opened an account with The Farmers and Merchants National Bank of Merkel on January 7, 1957, with a deposit of $10.00 and made additional deposits of $150.28 on January 16th and $35.00 on February 2nd.

The check described in the indictment was drawn by appellant on said bank and delivered to A. H. Tudor on February 4, 1957, on which date he had a balance in said bank of $25.31. The following day such balance dropped to $2.81, and by February 9th five checks drawn by appellant on said account were returned unpaid for want of sufficient funds, including the $50.00 check delivered to A. H. Tudor. Four other checks were returned between February 13th and 21st.

The check in question was delivered to Mr. Tudor in payment of storage charges on household furniture and for delivering the furniture to the home of appellant's stepfather, where appellant also resided.

Six or seven days after the check was given it was returned to Mr. Tudor who filed a complaint the same day he first talked to appellant, no notice in writing such as provided for in Sections 2 and 3 of Art. 567b V.A.P.C. having been given. Within ten days from the delivery of the check and of the furniture, Mr. Tudor received payment in full for the services for which the check was delivered to him, payment being made by appellant's step-father who was present when it was given and to whose home the furniture was delivered.

The evidence further shows without dispute that appellant had resided in the county all of his life and was employed and had been an employee of the of the G. C. & S. F. Railroad for more than eleven years.

Appellant testified as a witness in his own behalf, and said that he did not know at the time he delivered the check to Mr. Tudor that the balance in his account was insufficient to pay it. He further testified, in answer to questions propounded by the district attorney, that he had been previously convicted in three misdemeanor cases of "swindling with a worthless check," but that in every instance it was a case similar to the case in which he was on trial and that all of the checks that had been returned unpaid for want of sufficient funds had been paid and restitution made.

While we do not hold that the notice provided in Sections 2 and 3 of the statute under which this prosecution was brought (Art. 567b V.A.P.C.) is essential in all cases, and do not entertain the view that prosecution cannot be had until the expiration of ten days after such a notice, the fact that the statute allows a period of ten days following notice of the non-payment of a check, draft or order for the maker to pay the holder the amount due in order for the delivery of the check and its non-payment to be prima facie evidence of intent to defraud and of knowledge of insufficient funds, is persuasive.

In the absence of the benefit of the presumption provided in the statute, we find the evidence insufficient to sustain the finding that appellant knew at the time he delivered the check that he did not have sufficient funds on deposit with the payee bank for its payment, and insufficient to show that the check was given with intent to defraud.

The judgment is reversed and the cause remanded.