JULIAN LLOYD EASON V. STATE.

No. 30,330. January 21, 1959.

M. *Gabriel Nahas, Jr.,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White* and *Monroe Northrup,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is theft by false pretext; the punishment, 90 days in jail.

The injured party testified that his cafe business had not been good and that the appellant represented to him that this situation was the result of someone having planted some "hoodoo stuff" on his premises which he would locate and remove for a fee of $25.00. He stated, "I told my wife, I don't believe this" and "my wife said she wanted to pay him, that if there was anything around the house she wanted to pay him to get it up." He testified further that the appellant was paid the $25.00 after he dug up a jar containing crawfish legs and hair and said, "here was the reason you didn't have no business in your cafe."

Appellant did not testify in his own behalf but called Reverend King who was with him at the time in question and who denied the truthfulness of the prosecuting witness' testimony.

We need not pursue the many interesting questions here presented other than to observe that a case of theft by false pretext has not been made out unless it is shown that the pretext was false and the injured party relied thereon.

In McCain v. State, 143 Texas Cr. Rep. 521, 158 S.W. 2d 796, this court said:

"The State could not rely upon the false pretext used by appellant that he was a United States Marshal in pursuit of a murderer, because Mrs. Lee did not believe such to be true, and therefore, was not induced by such false pretexts to deliver the horse to appellant."

Under this record, it is not shown that the injured party believed appellant's pretext, and therefore no offense has been shown.

The judgment is reversed and the cause remanded.