The admitted acts and conduct on the part of the alleged injured party were such as to make her an accomplice witness as a matter of law. Hinson v. State, 152 Tex. Cr.R. 159, 211 S.W.2d 750; Pipkin v. State, 154 Tex.Cr.R. 640, 230 S.W.2d 221; Gottschalk v. State, 157 Tex.Cr.R. 276, 248 S.W. 2d 473.

There being no corroboration of the testimony of the accomplice as to the guilt of the appellant, the facts are insufficient to support the conviction.

It must be remembered that the accomplice witness could not corroborate herself.

I respectfully dissent.

Gregorio MARTINEZ, Appellant,

v.

STATE of Texas, Appellee.

No. 30900.

Court of Criminal Appeals of Texas.

June 17, 1959.

No attorney on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is under Art. 567b, Vernon's Ann.P.C., for the giving of a worthless check in the amount of $19; the punishment, a fine of $50.

The failure to allege in the complaint that the check was given with intent to defraud renders it invalid. Hence this conviction is void as shown in Wright v. State, Tex.Crim.App. 324, S.W.2d 883, and the cases there cited.

The judgment is reversed and the prosecution is ordered dismissed.

Opinion approved by the Court.