## W. B. RICHARDSON V. STATE

No. 31,352. February 10, 1960

Motion for Rehearing Overruled March 23, 1960

DAVIDSON, Judge, dissented.

*Chas. H. Dean,* Plainview, for appellant.

*Wayland G. Holt,* District Attorney, Snyder, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is theft by false pretext; the punishment, five years.

Trial was had in Scurry County on a change of venue.

The injured party, a rancher in Borden County, testified that he had known appellant for some time and had sold him cattle on prior occasions, that payment in such cases had been by checks signed by appellant and drawn on a Plainview bank, that on the day charged in the indictment appellant came to his ranch, bought 48 head of cattle, and gave him a check in the sum of $9,111.20. He testified further that appellant told him on that occasion he was putting the cattle "on wheat-pasture," that the check was returned unpaid, that he later personally presented the check to the bank on which it was drawn in Plainview but that he got no money. He stated that sometime later appellant told him he had sold the cattle and would bring him the money the next day but that he had never done so.

It was stipulated that appellant did not have on deposit in the bank in question sufficient funds to pay the check on the day it was given or at any time thereafter.

Appellant did not testify or offer any evidence in his own behalf.

Appellant contends that this evidence does not show a theft by false pretext.

We think the answer to his contention lies in the relatively recent case of Gibbs v. State, 158 Tex. Cr. Rep. 145, 253 S. W. 2d 1002. There, in almost an identical fact situation, we held that the prosecution might be maintained under an indictment charging theft and that there was sufficient evidence of the making of a false pretext.

The judgment is affirmed.

DAVDSON, Judge, (dissenting).

Miller, the injured party, a rancher, sold forty-eight head of cattle to appellant, for which appellant gave him a check in the sum of $9,111.20. Upon reaching the bank upon which the check was drawn, such check was not paid because of insufficient funds.

Miller made no inquiry of appellant as to the validity of the check or whether it was good and would be paid upon presentation to the bank. Appellant made no representation whatsoever as to the check, whether it was good or would be paid upon presentation to the bank, or otherwise.

Miller said that prior sales he had made to appellant were paid upon presentation to the bank, or otherwise.

The indictment contained three counts, the first charging appellant with the theft of forty-eight head of cattle from Miller, the second charging the theft of one head of cattle from Miller, and the third count charging the giving of a hot check, under the so-called hot check law (Art. 567b, Vernon's P. C.).

The trial court submitted only the first count of the indictment and treated the theft allegation as a case of theft by false pretext, under Art. 1413 P. C., and instructed the jury as follows:

"Now, bearing in mind the foregoing instructions, if you find and believe from the evidence in this case, beyond a reasonable doubt that the defendant, W. B. Richardson, did in Borden County, Texas, on or about the 3rd day of November, 1958, obtain from the possession of Clyde Miller 48 head of cattle, by delivering to the said Clyde Miller the $9,111.20 check which has been introduced in evidence, and by representing to the said Clyde Miller and leading him to believe that at the time he had the money in the bank on which the check was drawn, and that it would be there when the check was presented, and that the check would be paid when taken to the bank; and if you further find and believe from the evidence beyond a reasonable doubt that said representations, if any, of the said W. B. Richardson, were fraudulent and false, and that he knew said representations were fraudulent and false, and that as a result of said representations so made, if they were, the said W. B. Richardson acquired from Clyde Miller 48 cattle; and if you further believe from the evidence, beyond a reasonable doubt, that said representations, if any, of the said W. B. Richardson were made with the intent to deprive said Clyde Miller of said cattle and the value thereof and to appropriate the same to the use and benefit of the defendant and that he did, in this manner, obtain possession of said cattle and appropriate the same to his own use and benefit, and that said wrongful intent existed at the time, and that the said Clyde Miller was in lawful possession of said cattle under the Court's charge herein given you, and parted with possession of said cattle as a result of and in reliance on said representations, if any, of the said W. B. Richardson, then you will find the defendant guilty as charged in the first count of the indictment,

and assess his punishment at confinement in the penitentiary for a term of not less than two nor more than ten years."

The charge is set out to demonstrate that appellant's guilt was made to depend upon a finding by the jury that he represented to Miller that "he had money in the bank on which said check was drawn * * * and that the check would be paid when taken to the bank."

It will also be noted that the jury were further required to find that those representations were false, that appellant knew they were false, and that Miller relied thereon.

There is not a line of testimony in the case which supports the finding of the jury, under that charge, that appellant made any representations that he had the money in the bank on which the check was drawn and that the check would be paid when presented to the bank.

The conviction is affirmed upon the theory that proof of false pretext or false representation on the part of the accused is no longer necessary to constitute theft by false pretext, or, if necessary, the giving of a worthless check, alone, is proof of a false pretext. Gibbs v. State, 158 Tex. Cr. R. 145, 253 S. W. 2d 1002, is cited as supporting that conclusion.

Upon its face, the Gibbs case holds that the mere giving of a worthless check in payment of personal property, without any representation as to whether the check was good or would be paid upon presentation, constitutes either theft by false pretext or swindling by worthless check, and that a conviction could be successfully predicated upon such facts for theft by false pretext.

That conclusion was reached, contrary to the insistence of Gibbs, that the holding there laid down to the effect that the mere giving of a worthless check without any representation whatsoever as to the validity of such check constituted theft by false pretext and that "the offense of swindling by check can be tried under a straight theft indictment."

Prior to the Gibbs case it was the holding of this court that a false pretext or false representation was a necessary element of the crime of theft by false pretext. Indeed, the statute makes such true. See Art. 1413, P. C.; King v. State, 152 Tex. Cr. R.

255, 213 S. W. 2d 541; Maxwell v. State, 134 Tex. Cr. R. 311, 155 S. W. 2d 937; Dixon v. State, 152 Tex. Cr. R. 504, 215 S. W. 2d 181; Hoovel v. State, 125 Tex. Cr. R. 545, 69 S. W. 2d 104; Hesbrook v. State 149 Tex. Cr. R. 310, 194 S. W. 2d 260-262; Eason v. State, 167 Tex. Cr. R. 224, 320 S. W. 2d 11; Roe v. State, 140 Tex. Cr. R. 387, 144 S. W. 2d 1104.

In Redding v. State, 159 Tex. Cr. R. 535, 265 S. W. 2d 811, this court cited the Gibbs case as authority for the statement that the "so called 'Hot Check Law', Vernon's Ann. C. P., Art. 567b, made no change in the law relative to prosecution for theft by false pretext."

Such being true, under that authority the hot check law did not render unnecessary proof of a false pretext or false representation in order to constitute the crime of theft by false pretext.

In this connection it shoud be pointed out that the Gibbs case made no reference to the "hot check law," Art. 567b, P. C.

The Gibbs case holds that the mere giving of a worthless check as payment for personal property without any false pretext or false representation constitutes theft by false pretext. Such holding is wrong, and the Gibbs case and all others so holding ought to be overruled.

I call attention to Art. 1549, P. C., which says, in effect, that if property is obtained under circumstances which constitute both swindling or some other offense a prosecution may be conducted for either swindling or some other offense. That statute means that if the facts show both theft by false pretext and swindling a prosecution could be conducted for either offense. Massey v. State, 160 Tex. Cr. R. 49, 266 S. W. 2d 880; Dixon v. State, supra; King v. State, supra.

Note the words, "both swindling and some other offense" in the statute. In order for that statute to have application the facts must first show the offense of swindling, and it is then and not until then that a conviction for some other offense may be had upon those facts—such as theft by false pretext.

If the Gibbs case holds as my brethren construe it to hold, then this court has been wrong—both before and since the

Gibbs opinion—in holding that the crime of swindling might be established by facts showing theft by false pretext. Massey v. State, supra.

To constitute the crime of swindling (Arts. 1545, 1546, P. C.) there must be a false representation. The statute expressly so provides.

Under the holding of my brethren such is no longer true of theft by false pretext.

On the other hand, if the crime of swindling may be established by facts showing theft by false pretext it necessarily follows that the crime of false pretext cannot exist in the absence of a false pretext or false representation—all of which reasoning leads to the one inevitable conclusion that neither swindling nor theft by false pretext can arise in the absence of proof showing a false pretext or false representation and reliance thereon by the injured party.

Under the facts here presented, every element necessary to show a violation of Art. 567b, Vernon's P. C. is present.

The difference between the fact situation necessary to show a violation of the hot check law is apparent and lies in the fact that false pretext or false representation relative to the validity of the check must be shown in theft cases, while such is not required under the hot check law (Art. 567b, Vernon's P. C.), where intent to defraud and guilty knowledge are shown by proof after notice to the signer that the check was worthless.

There is yet another and further reason why this conviction cannot be sustained as being a case of theft by false pretext: Such lies in the difference in the punishment affixed for a violation of the two statutes. The punishment for the crime of theft of forty-eight head of cattle—the crime for which appellant has been here convicted—is affixed at not less than two nor more than ten years' confinement in the penitentiary. Art. 1441, Vernon's P. C. The punishment for giving a nine thousand dollar hot check is affixed at not less than two nor more than ten years in the penitentiary and, in addition, a fine not exceeding ten thousand dollars, i.e.: both a fine and a penitentiary sentence.

For the giving of a hot check the additional punishment by

fine is thus more onerous and severe than the punishment affixed to cattle theft.

It is a cardinal rule of statutory construction that where conflicts exist between two statutes, one general and the other special, the special statute controls over the general statute as to such conflict. Ex parte Sanford, 163 Tex. Cr. R. 160, 289 S. W. 2d 776.

That rule finds application here because the special hot-check statute covering a special fact situation must control over the general theft-by-false-pretext statute.

If my brethren are correct in their conclusion that the instant facts authorize a conviction for theft by false pretext, then there are two statutes, sustainable by the same facts and with different punishments ascribed therefor, making unlawful the same unlawful acts. That situation results in the nullification and destruction of both statutes. Ex parte Sanford, supra; Moran v. State, 135 Tex. Cr. R. 645, 122 S. W. 2d 318; Stevenson v. State, 145 Tex. Cr. R. 312, 167 S. W. 2d 1027.

Under the authorities cited and the rule announced thereby, if my brethren are correct in saying that the crime of theft by false pretext is consummated by giving a worthless check in payment of forty-eight head of cattle with or without a false pretext, the hot check law has been completely destroyed and the theft-by-false-pretext statute nullified where the property is obtained by the giving of a worthless check.

The only way this situation can be avoided, especially the destruction of the hot check law, is to hold that where property is obtained by the giving of a worthless check the prosecution must be brought under the hot check law and not under some other law, because the hot check law is a special statute covering the acquisition of personal property by the giving of a worthless check. Prosecutions therefor must be brought under the special statute.

That construction would also be in keeping with the legal proposition that the hot check law, being junior in point of time of enactment to the theft-by-false-pretext statute and therefore the latest pronouncement of the legislature, should control— under all rules of statutory construction of which I am aware— over a senior general statute as to conflicts existing in the two statutes.

In order to demonstrate the true situation that has arisen under the laws of this state by the rule followed here by my brethren in affirming this conviction for theft by false pretext, let it be assumed that the following situation can and, of necessity, will arise:

A merchant sells to a customer a suit of clothes for $75. The customer gives in payment therefor a check for such amount, drawn on a local bank. The merchant makes no inquiry as to its validity or whether there are funds in the bank with which to pay the check. The customer makes no representation whatsoever concerning the check. He has made prior purchases with checks which were paid by the bank. But the $75 check was not paid, because of insufficient funds, and it was returned to the merchant, who immediately notified the customer of such fact. The customer promised to pay at a later date. At the expiration of thirty days the check had not been paid. The merchant then decides to and does consult the prosecuting attorney and gives him the facts as here stated, with a view of instituting a prosecution.

The prosecuting attorney immediately concludes that the drawer of the check has violated the hot check law and so he prepares to institute a prosecution therefor. Being a cautious and careful prosecutor, however, he consults the decisions of this court before proceeding. In his investigation he first finds the Gibbs case, (158 Tex. Cr. Rep. 145, 253 2d 1002), wherein Gibbs obtained fifty-three head of cattle by giving a worthless check without representing that the check was good or would be paid upon presentation at the bank. The owner of the cattle made no inquiry as to the validity of the check. The prosecuting attorney then finds that under such facts this court held that Gibbs was guilty of stealing the cattle by false pretext, with an express finding that he was not guilty of violating the hot check statute (Art. 567b, Vernon's P. C.). No difference is perceived in the facts as between the Gibbs case and those before the prosecuting attorney.

In pursuing his investigation further, the prosecutor finds Westover v. State, 167 Tex. Cr. R. 589, 322 S. W. 2d 279, wherein Westover was guilty of stealing, by false pretext, an electric motor of the value of $76.47, by giving a hot check for that amount with no representation whatever as to the validity of the check or that it was good or would be paid upon presentation. The receiver of the check made no inquiry relative to the validity thereof.

Though the holding in the Westover case follows that of Gibbs, the latter is not cited as supporting the rule announced or mentioned in the Westover case.

Further investigation reveals the instant case (Richardson v. State), where the rule announced in the Gibbs and Westover cases is followed.

It is here held (Richardson v. State) that the crime of theft by false pretext is committed by the giving of a worthless check in payment of cattle, with no representation to the seller as to the validity of the check or that it would be paid in due course.

Under the Gibbs, Westover, and Richardson cases the prosecuting attorney is and must be convinced that under the facts before him the prosecution should be for theft by false pretext. But he wonders what has happened to the hot check law. Why is it not applicable to the fact situation submitted to him? He turns to the statute, Art. 567b, Vernon's P. C., and finds that Sec. 1 thereof reads as follows:

"It shall be unlawful for any person to procure any article or thing of value, or to secure possession of any personal property to which a lien has attached, or to make payment of any pre-existing debt or other obligation of whatsoever form or nature, or for any other purpose to make or draw or utter, or deliver, with intent to defraud, any check, draft, or order, for the payment of money, upon any bank, person, firm or corporation, knowing at the time of such making, drawing, uttering, or delivering, that the maker, or drawer, has not sufficient funds in, or on deposit with, such bank, person, firm or corporation, for the payment of such check, draft, or order, in full, and all other checks, drafts or orders upon such funds then outstanding."

The prosecutor knows that, by that statute, the legislature has made it unlawful for one to obtain or secure any personal property with intent to defraud by giving a worthless check. He notes that the legislature has provided, by statute, a procedure for establishing the intent to defraud and the worthlessness of the check, by Sec. 2 of the article, which reads as follows:

"As against the maker, or drawer thereof, the making, drawing, uttering or delivering of a check, draft, or order, payment of which is refused by the drawee, shall be prima

facie evidence of intent to defraud and of knowledge of insufficient funds in, or on deposit with, such bank, person, firm or corporation, provided such maker or drawer shall not have paid the holder thereof the amount due thereon, within ten (10) days after receiving notice that such check, draft or order has not been paid by the drawee."

By those two statutes the prosecuting attorney is convinced that the legislature has provided a special law covering the particular facts before him and one is not guilty of violating that law who obtains forty-eight head of cattle by the giving of a worthless check, not paid after notice. Under the facts before him the prosecutor wonders why he should bring the prosecution for theft by false pretext rather than for violating the hot check law.

Has the hot check law been repealed? It is found that it has not and that it is in full force and effect insofar as the legislature is concerned. Then why is it not applicable to the fact situation before the prosecutor? He turns again to the decisions of this court for the answer. Here is what he finds: The validity of the hot check law was and has been repeatedly sustained. He also finds that in 1950, prior to the decision in the Gibbs case in 1952-53, this court in the case of Watson v. State, 154 Tex. Cr. R. 616, 229 S. W. 2d 621, sustained a conviction, under Art. 567b, Vernon's P. C., of one who purchased an automobile and gave in payment therefor a worthless check, without funds in the bank. Following the Watson case, the prosecutor finds that, in 1955-56, after the Gibbs case was written, a conviction was sustained in Donahoo v. State, 162 Tex. Cr. R. 388, 285 S. W. 2d 952, under Art. 567b, supra.

He next finds Goodwin v. State, 167 Tex. Cr. R. 485, 320 S.W. 2d 852, where a conviction under Art. 567b, Vernon's P. C., was set aside because of the failure to prove the descriptive averments alleging a false pretext.

The construction to be given that case is that had the proof sustained the false-pretense allegations the conviction under Art. 567b, supra, would have been sustained.

Browder v. State, 163 Tex. Cr. R. 375, 292 S. W. 2d 342, is similar to the Goodwin case, where a conviction under Art. 567b was set aside because of a defective indictment. A conviction would not have been sustained had the indictment contained the required allegation.

To the same effect are the cases of McCormick v. State, 168 Tex. Cr. R. 60, 323 S. W. 2d 462; Wright v. State, 168 Tex. Cr. R. 214, 324 S. W. 2d 883; Martinez v. State, 325 S. W. 2d 145; and Thompson v. State, 165 Tex. Cr. R. 449, 308 S. W. 2d 513, holding that under a proper indictment a conviction may be had for a violation of Art. 567b, Vernon's P. C.

By this time the prosecuting attorney, like all others who make the same investigation, must find himself in a state of complete bewilderment and confusion as to what the offense is that is committed in obtaining money, goods, or personal property by the giving of a hot or worthless check. The question properly arises: "Should he prosecute for theft by false pretext or for the giving of a hot check?" The only course for him to follow is to prosecute, under the facts submitted to him, for the crime of theft by false pretext, thereby following the latest expression of this court as announced in the instant case.

If the Gibbs, Westover, and Richardson cases announce as a correct and controlling rule of law in this state that prosecutions for obtaining personal property by the giving of a hot or worthless check are to be brought under and as a violation of the theft-by-false-pretext statute, then either of two situations exist in this state, viz: (a) There is now no valid law which makes unlawful the obtaining of personal property by the giving of a hot or worthless check, because there are two statutes which make unlawful such an act, and each statute provides a punishment different from the other for the same unlawful act— which conflict renders both statutes void and unenforcible as to such fact situations; (b) if prosecutions for obtaining personal property by the giving of a hot check are to be brought and maintained under and as a violation of the theft-by-false-pretext statute, then the hot check statute is null and void, because it prohibits and makes unlawful the same act and affixes a different and more onerous punishment for a violation thereof.

There is no escape from the conclusion that in affirming this conviction for theft by false pretext, under the facts of this case showing the acquisition of forty-eight head of cattle by the giving of a worthless check, one, if not both, of the above mentioned situations exist in the statute law of this state.

Such a situation ought not to exist and would not exist if,

as I contend, hot check givers are to be prosecuted under the hot check law, a special statute governing that fact situation.

The hot check law ought not to be destroyed by the construction and extension given to the false-pretext-statute in this case.

I respectfully dissent.