**Lucia GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46693.**

Court of Criminal Appeals of Texas.

Nov. 28, 1973.

Abel Toscano, Jr., Harlingen, for appellant.

Fred Galindo, Dist. Atty., and Menton Murray, Jr., Asst. Dist. Atty., Brownsville, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

CHADICK, Commissioner.

A jury found appellant guilty of felony theft. The trial court, without intervention of a jury, assessed punishment at confinement in the State Department of Corrections for a period of two years and granted appellant's motion for probation.

Three to four years prior to the date of the offense charged against appellant, Mrs. Elizabeth Christopherson owned and resided in the Massey apartments in Harlingen, Cameron County. Mrs. Christopherson was of advanced age, in her early eighties. To relieve herself of responsibilities she arranged for her nephew, J. D. Chambers, to move into the apartments and take over operation and management. Chambers was given a half interest in such property. Shortly after this arrangement was effected Mr. Chambers employed appellant herein to work at the apartments as Mrs. Christopherson's cook, housekeeper and at-

tendant. Appellant's housekeeping duties included keeping Mr. Chambers' quarters.

The lengthy evidentiary record is abridged and only a summary of evidence deemed material to an understanding of the question discussed is related. On March 12, 1971, Mrs. Garcia cashed a check dated March 5, 1971, payable to her in the sum of six thousand dollars, drawn on the Harlingen National Bank and bearing Mrs. Christopherson's signature. Three thousand dollars of the check's proceeds were deposited in appellant's savings account and the other half deposited in her checking account. A similar check, dated April 2, 1971, was negotiated April 5, 1971, in exchange for four thousand dollars deposited to appellant's savings and two thousand dollars in cash. Mrs. Christopherson's bank account balance was $16,418.84 at the time the first check was presented for payment and was $4,397.19 when the last check cleared.

The state relied upon circumstantial evidence for conviction and undertook to prove that the first check mentioned, that dated March 5, 1971, was obtained on or about March 5, 1971, by false pretext. (The second check was admitted for the limited purpose of showing plan, scheme and design, it is stated in appellant's brief.) The court's charge defined theft and instructed the jury on the law of theft by false pretext, and applied the law affirmatively to the offense charged. However, the charge did not state or describe the pretext, fraud, device or trickery appellant was accused of using to obtain the check, nor does the brief filed by the District Attorney's office describe or suggest the false pretext the state claims induced Mrs. Christopherson to surrender possession of the check.

Examination of the evidence shows that during the approximately four years that appellant served Mrs. Christopherson she did her work well, showed concern for Mrs. Christopherson and was kind and helpful, occasionally staying at night with her when Mr. Chambers was away on business. A witness quoted Mrs. Christopherson, on occasion of the delivery of the first check, as saying: "Miss Lucy, this is a present because you have been pretty good to me. You have been nice. You know, taking care of me when I was in the house, nights and days, and you're the only one that takes care of me . . ." In the absence of an indication by the prosecution of the state's position, the state's theory, so far as can be ascertained by the record, is that appellant's conduct was the pretext by which she fraudulently induced Mrs. Christopherson to surrender possession of the check. That is, that appellant's attitude and some or all of appellant's words and acts of concern, kindness, and help beyond that required by her employment, were false pretenses and constituted a pretext designed to induce Mrs. Christopherson to deliver the check.

In this prosecution the state had the burden of showing the pretext was false when made.[1] Hesbrook v. State, 149 Tex.Cr.R. 310, 194 S.W.2d 260 (1946); 55 Tex.Jur.2d Theft, Sec. 18. As, also, it had the burden of proving the false pretext induced Mrs. Christopherson to surrender possession of the check to appellant. Eason v. State, 167 Tex.Cr.R. 224, 320 S.W. 2d 11 (1959); 55 Tex.Jur.2d Theft, Sec. 18. The record contains no evidence which, if believed, proves, or tends to prove appellant's course of conduct, or any part of it, was a fraudulent pretense at any time, or that a false pretext induced Mrs. Christopherson to surrender the check. Mrs. Garcia's conduct may have had the effect of gaining Mrs. Christopherson's approval, love and confidence, but there is nothing in the record tending to show the conduct prior to receipt of the check was feigned, a pretense, or the product of fraudulent motives.

The evidentiary record will not support the conviction. Appellant's grounds of er-

1. See Second Mode of Theft under Art. 1413, Vernon's Ann.P.C.

ror one and two are sustained. Since the judgment of the trial court must be reversed and remanded, it is not necessary to discuss the other grounds of error briefed by the appellant. The judgment of the trial court is reversed and the cause is remanded.

Opinion approved by the Court.