Gerald Dean ALSTON, Appellant,

v.

The STATE of Texas, State.

No. 2-83-052-CR.

Court of Appeals of Texas, Fort Worth.

Oct. 24, 1984.

Robert C. Roe, Jr., Fort Worth, for appellant.

Mac Smith, Dist. Atty., Weatherford, for the State.

Before FENDER, C.J., and HUGHES and JORDAN, JJ.

OPINION

HUGHES, Justice.

Gerald Dean Alston has appealed the judgment reciting his conviction of the offense of possession of a firearm by a felon wherein he was assessed confinement in the Texas Department of Corrections for a term of six years.

We affirm.

Alston left a private club with a drink in his hand. In an ensuing argument the club owner took the drink away from him and he left the premises. Later in the evening several shots were fired at the club building. The owner testified to seeing a faded blue, older model pickup truck being driven by the shooter at the scene. This information he communicated to the police when he reported the shots. Officer Gundlach was sent to investigate. As he drove on the street approaching the club, he heard a shot. He stopped a blue pickup truck which was coming toward him down the wrong side of the road. Mr. Alston was driving the truck. When Officer Gundlach removed Alston from the truck, he saw a spent shotgun shell on the seat. It was warm to the touch. A live shell was in the defendant's pocket; a .20 gauge shotgun was under the seat. The officer testified that Alston was very drunk.

■ Ground of error one asserts that the State did not meet its burden of proving that Alston had previously been convicted of a felony involving an act of violence (as

alleged in the indictment). The offense of unlawful possession of a firearm by a felon, requires that the prior felony involve violence or threatened violence to a person or property. TEX.PENAL CODE ANN. sec. 46.05 (Vernon 1974). The Texas Penal Code provides for the offenses of "Robbery" or "Aggravated Robbery". TEX.PENAL CODE ANN. secs. 29.02 and 29.03 (Vernon 1974). As Texas does not have an offense denominated "Robbery in the First Degree" and the State did not offer any evidence that "Robbery in the First Degree" is an act of violence in Oklahoma, appellant asserts that the State was encumbered with the burden of proving it to be an act of violence.

Alston contends error in failure of the trial court to grant him an instructed verdict of "Not Guilty". We overrule ground of error one.

Both appellant and State cite *Hall v. State,* 619 S.W.2d 156 (Tex.Crim.App.1980) for the proposition that it is presumed that the law of another state is the same as this state, in the absence of any proof. Alston asserts the State should have proven the "violence" feature. The State disagrees and so do we. It is not necessary for a foreign state offense to be identical to the Texas felony for use as enhancement. *Massey v. State,* 160 Tex.Cr.R. 49, 266 S.W.2d 880 (1954).

TEX.PENAL CODE ANN. art. 1408 (Vernon 1925) was the Texas robbery statute in effect at the time of Alston's conviction. Robbery by assault under this article has been held to be a felony involving violence or threatened violence against a person as a matter of law. *Scott v. State,* 571 S.W.2d 893 (Tex.Crim.App.1978). According to *Scott* it was not required for the State to prove robbery by assault to be a crime of violence.

■ An examination of 21 OKL.ST. ANN. secs. 791 and 797 (1983) defines "robbery" and "robbery in the first degree" respectively: "Robbery"—"the wrongful taking of personal property in possession of another, from his person or immediate presence, and against his will,

accomplished by means of force or fear." "Robbery in the first degree"—"[r]obbery, when accomplished by the use of force, or of putting the person robbed in fear of some immediate injury to his person...." It is apparent, from our examination of the Oklahoma statutes, which we in an appellate court are permitted to do, that the Oklahoma offense here involved is one involving an act of violence. *Ex parte Mason,* 656 S.W.2d 470 (Tex.Crim.App.1983). We must assume that the Court of Criminal Appeals intended its ruling in *Mason* to apply to all cases and not just to extradition situations.

■ Ground of error two asserts that the State failed to prove the finality of the Oklahoma felony, its prima facie burden. Appellant's contention is based on the recitation in the indictment that he was convicted "[o]n the 27th day of December, 1968 and on the 5th day of August, 1970, in cause number 34545." Appellant objected to the indictment on the grounds that he could not have been finally convicted under the same cause number on two different days.

The record reflects in State's Exhibit No. 9 that appellant was convicted in Cause No. 34545 on December 27, 1968 and that on August 5, 1970 another judgment and sentence was entered under the same cause in which appellant was expressly credited for time served "under the sentence as originally imposed".

Appellant did not contest what Exhibit 9 showed on its face, nor did he contend that the 1970 judgment had been appealed or set aside for any reason. He even admitted the conviction. As the 1970 judgment appeared to be final prima facie, the burden was on Alston to show it to be not final. *Ashley v. State,* 527 S.W.2d 302 (Tex.Crim.App.1975). We overrule ground of error two.

■ Ground of error three complains of the trial court's refusing to suppress the shotgun and shell evidence found in the warrantless search of the truck. It is apparent to us that the officer had ample

reason to search the driver's compartment of the truck in this instance as an incident to the arrest. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). He was on his way to investigate the complaint of the club building; had heard a gunshot just immediately before stopping Alston in his truck and had every reason to be apprehensive of his having a weapon. Obtaining a warrant was not reasonably feasible as the appellant was in a vehicle. *Ortega v. State,* 651 S.W.2d 278 (Tex.App.—Fort Worth 1983). We overrule ground of error three.

We also overrule ground of error four which asserts error in the trial court's having found in its judgment that appellant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom.

The trial court submitted the case to the jury with a circumstantial evidence instruction. Under that instruction the jury found appellant guilty. We hold that the circumstances surrounding the arrest of appellant were such that the jury had sufficient evidence before it to find him guilty of the offense charged. The circumstances of the shots in the door; the shot heard immediately before appellant was seen by the arresting officer driving down the wrong side of the street; the warm shell casing on the pickup seat; and the shotgun on the floor all could well lead to the conclusion that appellant had "used" the firearm while it was in his possession. TEX. CODE CRIM.PROC.ANN. art. 42.12, sec. 3f.(a)(2) (Vernon 1979).

We affirm.