**Gerald Dean ALSTON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–83–052–CR.**

Court of Appeals of Texas,
Fort Worth.

Nov. 19, 1986.

Rehearing Denied Jan. 14, 1987.

John M. Anderson, Fort Worth, for Alston.

Mac Smith, Dist. Atty., Weatherford, for the State.

Before FENDER, C.J., KELTNER, J. and HUGHES, Senior Justice (Retired, Sitting by Assignment).

## OPINION ON REMAND

HUGHES, Senior Justice (Retired, sitting by assignment).

Gerald Dean Alston appealed the judgment reciting his conviction of the offense of possession of a firearm by a felon wherein he was assessed confinement in the Texas Department of Corrections for a term of six years. *See* TEX.PENAL CODE ANN. sec. 46.05 (Vernon 1974). After this court affirmed appellant's conviction, *Alston v. State*, 678 S.W.2d 300 (Tex. App.—Fort Worth 1984, pet. granted), this case was accepted for discretionary review by the Court of Criminal Appeals. The Court of Criminal Appeals reversed our judgment and remanded it to us for further proceedings, reciting that we did not have the benefit of the opinion of the Court of Criminal Appeals in *Polk v. State*, 693 S.W.2d 391 (Tex.Crim.App.1985). The only ground of appellant's petition for discretionary review which was addressed by the Court of Criminal Appeals was appellant's contention concerning the entry of the affirmative finding by the trial court in its judgment that appellant used or exhibited a deadly weapon during the commission of an offense *or* during the flight therefrom. All other grounds for review in appellant's petition for discretionary review were refused by the Court of Criminal Appeals. *Alston v. State*, No. 1142–84, (Tex.Crim. App., June 12, 1985) (per curiam) (unpublished). This opinion is rewritten in the light of the holding in *Polk.*

We affirm the judgment as reformed.

The record reflects that appellant left a private club with a drink in his hand. In an ensuing argument the club owner took the drink away from him and appellant left the premises. Later in the evening several shots were fired at the club building. The owner testified to seeing a faded blue, older model pickup truck being driven by the shooter at the scene. This information he communicated to the police when he reported the shots. Officer Gundlach was sent to investigate. As he drove on the street approaching the club, he heard a shot. He stopped a blue pickup truck which was coming toward him down the wrong side of the road. Appellant was driving the truck. When Officer Gundlach removed appellant from the truck, he saw a spent shotgun shell on the seat. It was warm to the touch. A live shell was in appellant's pock-

et; a .20 gauge shotgun was under the seat. The officer testified that appellant was very drunk.

In point of error four, appellant asserts error in the trial court's having found in its judgment that appellant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom.

■ The trial court submitted the case to the jury with a circumstantial evidence instruction. Under that instruction the jury found appellant guilty. We hold that the circumstances surrounding the arrest of appellant were such that the jury had sufficient evidence before it to find him guilty of the offense charged.

After the punishment stage, the trial court submitted a third charge to the jury wherein they were asked to determine under former section 3f(a)(2) of article 42.12 of the Texas Code of Criminal Procedure, whether appellant "used or exhibited a deadly weapon during the commission of the felony offense of unlawful possession of a firearm by a felon." *See* Ch. 977, sec. 10, 1983 Tex.Gen.Laws 5311, 5320, *amended by* Act of June 11, 1985, ch. 427, sec. 1, 1985 Tex.Gen.Laws 1531, 1534–35 (recodified at TEX.CODE CRIM.PROC.ANN. art. 42.12, sec. 3g(a)(2) (Vernon Supp.1986)). The circumstances of the shots in the door; the shot heard immediately before appellant was seen by the arresting officer driving down the wrong side of the street; the warm shell casing on the pickup seat; and the shotgun on the floor all could well lead to the conclusion that appellant had "used" the firearm while it was in his possession. *See id.*

■ Appellant's contention is that the type of offense here involved did not warrant the submission of a charge on the use of a deadly weapon. It is apparently his contention that the intent of the statute was that the possession of the weapon had to be in connection with another offense other than the possession itself. A literal reading of the statute reflects a requirement that appellant "used or exhibited a deadly weapon *during* the commission of an offense or during immediate flight therefrom." *See id.* (Emphasis ours.)

It is obvious to us that the legislature intended to inhibit people who had been convicted of crimes of violence from running around the countryside in their pickups or other vehicles with dangerous weapons in their possession. It is clear here that appellant is one who was twice before convicted of a crime of violence and was found away from his home with a firearm in his possession. Necessarily, the said offense of possession commenced when the appellant left home with the shotgun in his possession and continued up to and including the time that he was stopped by the police and the weapon removed from his pickup.

"During" is defined as follows:

Throughout the course of; throughout the continuance of; in the time of; after the commencement and before the expiration of.

BLACK'S LAW DICTIONARY 453 (5th ed. 1979).

Upon our reexamining the record we do find that the trial court erred in wording its judgment wherein it was stated: "The jury and the *trial court* having entered an affirmative finding that the defendant used and exhibited a deadly weapon in the commission of this offense to-wit: A firearm." [Emphasis ours.] The recitation in the judgment that the trial court made a finding concerning a deadly weapon was error. The trier of the fact in all phases of this case was the jury. The recitation as to the jury having made such an affirmative finding is substantiated by the record. The recital that the trial court entered an affirmative finding, while it is error, is surplusage and should be so treated. *See Polk,* 693 S.W.2d at 395–96. We accordingly order the reformation of the judgment to delete the words "and the trial court," as contained on page 1 of the judgment.

The judgment as reformed is affirmed.