## J. L. MILLER V. STATE.

No. 29,997. November 5, 1958.

No attorney for appellant of record on appeal.

*Dan Walton,* District Attorney, *Thomas D. White* and *Gus* Zgourides, Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is giving a check in the sum of $25 without sufficient funds, with intent to defraud; the punishment, fifteen days in jail and a fine of $150.

The evidence shows that appellant, on December 24, 1957, cashed a $25 check at a "7-11" store in Houston.

The check was drawn on "Fidality Trust Bank of Houston." It was presented in due course at "The Fidelity Bank and Trust" and was returned unpaid with the notation "Unable to locate account."

Upon the return of the unpaid check, Eldon P. Holly, the employee who had cashed it, paid the amount of the check to the owner of the store and a few days later appellant paid Mr. Holley the $25 and Holly, with the approval of his superior Mr. Spruce, issued a receipt.

There is nothing in this record to show that appellant was

notified of the non-payment of the check prior to his going to the store and paying the $25 to Holly.

In the absence of any notice to the drawer of the check, as provided in Sections 2 and 3 of Art. 567b V.A.P.C., the state did not have the advantage of the prima facie evidence of intent to defraud.

The recent case of Thompson v. State, 165 Texas Cr. Rep. 449, 308 S.W. 2d 512, appears to sustain appellant's contention that the evidence is insufficient to establish an intent to defraud in the giving of the check.

Also, we fail to find any testimony from which it might even be inferred that the bank to which the check was presented for payment and of which the witness Baccariss was assistant cashier was the bank upon which the check was drawn. It is not shown to be a Houston Bank (or "of Houston"). The record does not so much as show that the witness Baccariss was a resident of Houston or of the Houston area.

Because the evidence is insufficient to sustain a finding of an intent to defraud, the conviction cannot stand.

The judgment is reversed and the cause remanded.